UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 18-030-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 20-457-DCR |
| | ) | |
| IMANOL PINEDA PENALOZA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant/Movant Imanol Pineda Penaloza filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on November 10, 2020. [Record No. 122] Thereafter, he supplemented this motion by including eight additional claims. [*See* Record No. 133.] The United States responded to Penaloza's motions on April 19, 2021. [Record No. 137] The matter was referred to United States Magistrate Judge Hanly A. Ingram for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On August 13, 2021, Magistrate Judge Ingram issued a Recommended Disposition, recommending that the motions be denied and that no Certificate of Appealability ("COA") be issued. [Record No. 145]

Penaloza filed one objection to the Magistrate Judge's report.[1] [Record No. 150] With respect to the other issues addressed by Magistrate Judge Ingram, "[i]t does not appear that

---

[1]    Penaloza's objection to the Magistrate Judge's Recommended Disposition has been docketed as a separate motion. [Record No. 150] To the extent that this filing is deemed to seek separate relief, it will be denied. However, the objection is addressed below.

Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court has conducted a *de novo* review of the entire matter—including Penaloza's objection—and agrees that the relief sought is unwarranted. The pending motions will be denied, and no COA shall issue.

## I.

An indictment naming Penaloza was returned by a federal grand jury on March 1, 2018. [Record No. 1] The indictment charged two counts: one related to possession and distribution of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1) and the other related to a conspiracy to distribute that substance in violation of 21 U.S.C. § 846. [*Id.*] Attorney Mark Wohlander was appointed to represent Penaloza pursuant to the Criminal Justice Act. Penaloza pleaded not guilty to both charges. [*See* Record Nos. 8, 19.]

The jury trial commenced on May 21, 2018, and ended two days later when the jury returned a guilty verdict on both counts. [Record Nos. 45, 50 and 54] Thereafter, Penaloza filed three objections to his Presentence Investigation Report ("PSR"). [Record No. 68] He first objected to the calculation of the Base Offense Level attributed to him under the United States Sentencing Guidelines, arguing that there was insufficient evidence regarding the amount of drugs attributed to him. [*Id.*, pp. 1-5] Second, he contended that the two-level firearm enhancement to his Base Offense Level, applied under USSG § 2D1.1(b)(1), was inapplicable because the government failed to sufficiently link him to the subject firearm. [*Id.*, p. 5] Finally, he objected to the four-level enhancement under USSG § 3B1.1(c), asserting that he should not be assessed a leadership role based on his conduct. [*Id.*, pp. 5-6]

Penaloza's objections were addressed but overruled during the sentencing hearing and the calculations contained in the PSR were adopted.  [Record No. 77]  Penaloza was sentenced to 340 months of imprisonment on each count, to run concurrently.  [*Id.*]

Penaloza appealed to the United States Court of Appeals for the Sixth Circuit, challenging "(1) the calculation of his base offense level, (2) application of a two-level firearm enhancement, and (3) application of a four-level leadership enhancement."  [Record No. 110, p. 1]; *United States v. Penaloza*, 784 F. App'x 341, 343 (6th Cir.).  He further argued that a jury should have decided all facts concerning his sentence.  [Record No. 110, p. 6]; *Penaloza*, 784 F.App'x at 346.

The Sixth Circuit affirmed Penaloza's sentence, holding that the calculation of the drug quantity was not in error, that both sentencing enhancements were properly applied, and that the Court was the appropriate adjudicator of facts relevant to the sentencing issues raised by the defendant.  [Record No. 110, p. 18]; *Penaloza*, 784 F. App'x at 352.  Penaloza filed a petition for certiorari in the Supreme Court of the United States but that petition was denied on November 12, 2019.  [Record Nos. 113-14]; *Penaloza v. United States*, 140 S. Ct. 510, 205 L.Ed.2d 330 (2019).  The present collateral attack followed.

Penaloza raised the following issues in his initial § 2255 motion: (1) application of a two-level firearm enhancement should have been decided by the jury; (2) there was insufficient evidence to apply the two-level firearm enhancement; (3) application of a four-level leadership enhancement was in error; and (4) that the government violated its *Brady* obligations by failing to provide information regarding the conduct of certain officers and the criminal history of a witness.  [*Id.*]

On January 30, 2021, Penaloza supplemented his § 2255 motion by asserting the following additional claims: (5) trial counsel was ineffective for failing to inform him of any plea offer [Record No. 133, p. 4]; (6) trial counsel was ineffective for failing to file a sentencing memorandum in support of his objection to the application of the two-level firearm enhancement; [*Id.*, pp. 5-8]; (7) the government failed to establish that the substance seized was cocaine, that he intended to distribute the alleged cocaine, or that a conspiracy existed for the purpose of distributing the cocaine [*Id.*, p. 8]; (8) the government failed to prove that Penaloza was involved in "one overall conspiracy" that operated continuously [*Id.*, pp. 9-10]; (9) proof at trial constituted a variance or amendment to the indictment [*Id.*, pp. 11-14]; (10) the Court erred by failing to instruct the jury that an overt act is not required under 18 U.S.C. § 846 [*Id.*, pp. 14-15]; (11) trial counsel was ineffective for failing to move to suppress intercepted phone calls involving Penaloza [*Id.*, p. 16]; and (12) the search warrant affidavit failed to clearly indicate which facts were based on personal knowledge of the affiant and which facts were based on hearsay. [*Id.*, pp. 17-21]

Penaloza requests an evidentiary hearing to determine "the factual issues and circumstances surrounding the plea offer" and asks the Court to vacate his sentence for further proceedings. [*Id.*, pp. 4, 23]

## II.

Relief under § 2255 is warranted unless the movant demonstrates "the existence of an error of constitutional magnitude and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Where a petitioner argues that he did not receive

effective assistance of counsel, his claims assert a constitutional error under the Sixth Amendment.

> The following two-prong test governs ineffective assistance of counsel claims:
>
> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both prongs of this inquiry if the defendant makes an insufficient showing on either one. *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (citing *Strickland*, 466 U.S. at 697).

"Whether counsel's performance was 'deficient' under the first prong is determined by reference to 'an objective standard of reasonableness'—specifically, 'reasonableness under prevailing professional norms.'" *Hendrix v. Palmer*, 893 F.3d 906, 921 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 688). "This inquiry 'consider[s] all the circumstances' of a particular case." *Id.* (quoting *Strickland*, 466 U.S. at 688-89). Further, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Regarding the second prong of the *Strickland* test, "a [movant] must 'affirmatively prove prejudice.'" *Hendrix*, 893 F.3d at 921 (quoting *Strickland*, 466 U.S. at 693). "Counsel's errors must have 'actually had an adverse effect on [the movant's] defense." *Id.* (quoting *Strickland*, 466 U.S. at 693).

## III.

### A.    Claims One through Three are Procedurally Barred

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and decided on direct appeal absent highly exceptional circumstances." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996)).  One such highly exceptional circumstance is an intervening change in the applicable law. *Davis v. United States*, 417 U.S. 333, 342 (1974).  Absent such a circumstance, § 2255 claims previously raised and decided on direct appeal are barred.  *See Jones*, 178 F.3d at 796.

Here, Penaloza raised his first three § 2255 claims on direct appeal to the Sixth Circuit. [Record Nos. 110, 122]  The Sixth Circuit decided those claims on the merits, finding no error and affirming his sentence.  [Record No. 110, p. 18]  Penaloza has not cited any circumstances that warrant any additional review of these claims.

### B.    Claims Four, Six through Ten, and Twelve are Procedurally Defaulted

Generally, a § 2255 claim not raised on direct review is procedurally defaulted.  *See Bousley v. United States*, 523 U.S. 614, 621 (1998).  Where a defendant has procedurally defaulted on a claim, it may be raised on habeas review "only if the defendant can first demonstrate either cause and actual prejudice . . . or that he is actually innocent." *Id.* at 622 (internal quotation marks and citations omitted).  A meritorious claim of ineffective assistance of appellate counsel can excuse procedural default.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  But to prevail, a defendant "must show that counsel's performance was deficient . . . and that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

Penaloza did not raise claims four, six through ten, or twelve on direct review.  Thus, these claims are procedurally defaulted.  *Bousley*, 523 U.S. at 621–22.  Penaloza has made no

attempt to excuse the default regarding claims seven through ten and claim twelve.[2]  [*See* Record Nos. 110, 133, 144.]

Penaloza indicated that claim four was not addressed on direct appeal because his "counsel failed to raise [the] issue."  [Record No. 122, p. 8]  In light of this threadbare statement, Magistrate Judge Ingram directed Penaloza to show cause why the claim should not be dismissed for failure to demonstrate prejudice.  [Record No. 120]  In response,  Penaloza cited an article from *USA Today* investigating law enforcement misconduct and stated that "[t]he prosecutor failed to provide the office and agent[s'] conduct reports to the defendant." [Record No. 133, pp. 21–23]

In his objection, Penaloza cites to the same *USA Today* article and argues that his counsel provided ineffective assistance by failing to request *Brady* material from the government.  [Record No. 150, pp. 2–3]  Notwithstanding the fact that his counsel *did* request discovery from the government, Penaloza does not explain how this alleged antecedent error excuses the failure to raise claim four on direct review.  [Record No. 138-1, p. 1]  Neither Penaloza's response to the magistrate judge's show cause order nor his objection addresses any ineffective assistance of counsel that would excuse the procedural default.  [*See* Record Nos. 133, 150.]

Concerning claim six, Penaloza argues that, "[a]t sentencing [his] counsel objected but failed to file a memorandum in support of [the] objection to [the two-level firearm]

---

[2]     Penaloza does assert in his recently filed objection that "claims 7-10 are tied to his trial counsel['s] deficient performance."  [Record No. 150, p. 2]  However, beyond this conclusory statement, his objection does not actually pertain to any of claims seven through ten.  [*See id.*, pp. 2–3.]  Instead, his argument is directed towards claim four.  [*Id.*]  As a result, the undersigned will consider the objection as it relates to the fourth claim.

enhancement." [Record No. 133, p. 5]  But this claim is contradicted by the record.  Penaloza's trial counsel filed objections to the PSR, including arguments contesting application of the two-level firearm enhancement under USSG § 2D1.1(b)(1).  [Record No. 68, p. 5]

In summary, Penaloza has not presented evidence of cause and prejudice to excuse the procedural default of claims four, six through ten, or twelve.  As a result, these claims will be dismissed.

### C.        Claim Five Fails Because No Plea Bargain Was Ever Offered

Penaloza's fifth claim alleges that his trial counsel provided ineffective assistance by failing to inform him of plea offers made by the government.  [Record No. 133, pp. 2–4]  He notes that "the government had not even made any plea offer and if so counsel did not inform defendant of it."  [*Id.*, p. 4]

To succeed on an ineffective assistance of counsel claim in this context, a defendant first must demonstrate that the government offered a plea bargain.  *Gregory v. United States*, 05-CR-64(1), 2013 WL 5350621, at *10 (E.D. Tenn. Sept. 23, 2013) ("Prejudice . . . has resulted only where there exists a reasonable probability that petitioner and the court would have accepted the guilty plea . . . [that] the government ***actually offered***.") (emphasis added) (citing *Lafler v. Cooper*, 566 U.S. 156, 174 (2012)); *see also United States v. Williams*, CR 7:14-015, 2017 WL 345873, at *2 (E.D. Ky. Jan. 24, 2017) (finding no ineffective assistance of counsel in the plea context where defendant failed to show the United States ever offered a plea agreement).  The defendant then must show that his trial counsel failed to inform him of the offer.  *Griffin*, 330 F.3d at 737 ("A defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel under the Sixth Amendment.").

-8-

Penaloza admits in his supplemental § 2255 motion that the government never made any plea offer. [Record No. 133, p. 4 ("[T]he government had not even made any plea offer.")] He reaffirms this fact in his reply, stating "[t]he plea played no role in the plea bargaining *nor did the government offer any plea*." [Record No. 144, p. 4 (emphasis added)] The sworn declaration of Penaloza's trial counsel also indicates that the government never offered a plea to the defendant. [Record No. 137-4, p. 1] Thus, this claim is without factual support.

**D.      Claim Eleven Fails Because There is No Fourth Amendment Violation**

Penaloza's eleventh claim alleges that his trial counsel provided ineffective assistance by failing to make a variety of arguments to suppress intercepted phone calls.[3] [*See* Record No. 133.] "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Thus, for Penaloza to succeed on this claim, "a meritorious Fourth Amendment issue is necessary." *See id.* at 382.

**1.  Probable Cause**

Penaloza argues that the affidavit submitted pursuant to 18 U.S.C. § 2518 for authorization to intercept wire communications "does not lay out evidence of probable cause

---

[3]     Penaloza has impliedly waived his privilege concerning certain attorney-client communications. *See In re Lott*, 424 F.3d 446, 452–54 (6th Cir. 2005). Penaloza made an untimely objection to this finding. [Record Nos. 136; 144, pp. 2–3] If he persists with this objection, he must withdraw his ineffective assistance claim. *Lott*, 424 F.3d at 454 (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)) ("[A]ttorney-client privilege cannot at once be used as a shield and a sword.").

that Penaloza participated in the conspiracy." [Record No. 144, p. 26] He supports this argument by noting that he is not mentioned in the January 2017 affidavit. [*Id.*]

But 18 U.S.C. § 2518(1)(b)(iv) only requires the application to include the identity of the targets "*if known.*" § 2518(1)(b)(iv) (emphasis added). The January 2017 application identifies several specifically named targets, but also includes "*others as yet unknown.*" [Record No. 137-1, pp. 2–3 (emphasis added)] The February 2017 application does the same. [Record No. 137-2, p. 3] The March 2017 application specifically names "Imanol Pineda Penalosa [sic]" as a target. [Record No. 137-3, p. 3] All three applications are sufficient to satisfy the statutory requirement. Moreover, authority from the Supreme Court rejects this argument. "If after evaluating the statutorily enumerated factors . . . the judge concludes that the wiretap order should issue, the failure to identify additional persons who are likely to be overheard . . . [does not] invalidate an otherwise lawful judicial authorization." *United States v. Donovan*, 429 U.S. 413, 435 (1997). Her, United States District Judge Joseph M. Hood evaluated each wiretap application and determined that the statutory requirements were satisfied. [*See* Record Nos. 137-1, p. 65; 137-2, p. 88; 137-3, p. 70.]

### 2. *Franks* Hearing

Next, Penaloza argues that he was entitled to a *Franks* hearing because the § 2518 affidavit contains material misrepresentations and omits material information. [Record No. 144, p. 27] The Fourth Amendment requires a hearing if the defendant makes a substantial preliminary showing that: (1) a false statement was included by the affiant "knowingly and intentionally, or with reckless disregard for the truth," and (2) the false statement was necessary to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

This framework applies in the wiretap context as well.  *United States v. Stewart*, 306 F.3d 295, 304–06 (6th Cir. 2002).

Although this argument lacks detail, Penaloza seems to contend that the affidavit materially misrepresents that he was physically surveilled on more than one occasion.  [Record No. 144, p. 28]  However, the wiretap applications indicate that physical and other surveillance was used on *all* the target subjects, not just Penaloza.  [Record Nos. 137-1, pp. 53–57; 137-2, pp. 74–78; 137-3, pp. 56–61]  Penaloza was observed on only one occasion, but that was not the only time that physical surveillance was used.  This argument is plainly contradicted by the record and does not raise a meritorious Fourth Amendment issue.

Penaloza further contends that the government mistakenly alleges that "he use[d] Efrain Villa Villanueva for drug trafficking though he was not [sic]."  [Record No. 144, p. 28]  But the wiretap applications do not state that Penaloza was using Villanueva for drug trafficking.  The applications identify Villanueva as a "suspected distributor of controlled substances in the Eastern and Western Districts of Kentucky" and a "suspected link between the Martinez Organization and the Ordaz Escalante Organization."  [Record Nos. 137-1, p. 7; 137-2, p. 9]  They do ***not*** allege that Penaloza directly contacted or otherwise used Villanueva for drug trafficking.

Penaloza's final argument is that "[t]he government alleges that Penaloza was on a phone call giving orders, however makes no mention of this in the affidavit [sic]."  [Record No. 144, p. 28]  The March 2017 application details communications between Penaloza and Macias Martinez where Penaloza issues directives to Martinez, including, "[t]ry hard to pick that up today[,]" and "[a]lright give me a call when you are heading over there."  [Record No. 137-3, pp. 32, 35]  These passages refute Penaloza's argument.  Moreover, his argument seems

-11-

to be a pretense to invite the Court to address the merits of the claim attacking the leadership enhancement.  It fails for this reason as well.  *Clemons v. United States*, 3:01-CV-496, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (a defendant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal.") (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

Penaloza has failed to make either of the substantial preliminary showings necessary to require a *Franks* hearing.  *See Franks*, 438 U.S. at 155–56.  His argument does not raise a meritorious Fourth Amendment issue.

### 3.  Federal Wiretap Statute

Finally, Penaloza contends that recordings between himself and Efrain Villa Villanueva "violate[] the Fourth Amendment and the Federal Wiretap Statute" because the defendants did not consent to the interceptions and no cooperating informants were parties to the calls. [Record No. 144, p. 28]  He relies on 18 U.S.C. § 2511(2)(c) as the basis for this argument. [*Id.*]

Section 2511(2)(c) of title 18 provides that "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."  18 U.S.C. § 2511(2)(c).  However, § 2511 governs the interception of wire communications *without* court authorization.  Title 18 of the United States Code, section 2518, controls the procedures for obtaining court authorization for intercepts.  This section does *not* require consent or that law enforcement be a party to the communication. Instead, it requires a sworn application to a judge containing, among other things, "a full and complete statement" regarding the facts relied upon by the applicant, the

offense being committed, the potential targets, and the use of any other investigative techniques.  18 U.S.C. § 2518(1).

Each of the 2017 applications fully comply with the requirements of § 2518.  Judge And Hood's signature authorizing the intercepts confirms this fact.  [*See* Record Nos. 137-1, p. 65; 137-2, p. 88; 137-3, p. 70.]  Penaloza does not argue to the contrary.  By virtue of Judge Hood's authorization, Penaloza's argument regarding § 2511 is irrelevant.  Moreover, none of the intercepted calls were made to or from Villanueva.  [Record No. 61, pp. 110–11]  Because no intercepted calls between Penaloza and Villanueva exist, the factual basis of Penaloza's argument is incorrect as well.

Again, the Court notes that none of the arguments raised by Penaloza creates a meritorious Fourth Amendment issue.  Therefore, he cannot succeed on his ineffective assistance of counsel claim.  *Kimmelman*, 477 U.S. at 375, 382.

**IV.**

**A.   Evidentiary Hearing**

An evidentiary hearing is required unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).  "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief," no hearing is required.  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Here the record establishes that Penaloza's claims are meritless and "conclusively show[s]" that he is not entitled to relief.  28 U.S.C. § 2255(b).  Accordingly, his request for an evidentiary hearing will be denied.

**B.      Certificate of Appealability**

When a court determines that a § 2255 motion will be denied, it must determine whether

to grant a COA.  *See* 28 U.S.C. § 2253(c)(1)(B); Rule 11 of the *Rules Governing Section 2255*

*Proceedings*.  A COA may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003).  "[A] substantial showing of the denial of a right includes showing that reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quotation

omitted).

Reasonable jurists would not debate whether Penaloza's claims should be denied.  As

noted previously, his claims are either barred, defaulted, or simply unavailing.  [*See* Record

No. 145.]  No reasonable jurist would contend otherwise.

**V.**

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.      Defendant/Movant Imanol Pineda Penaloza's motion to vacate, set aside or

correct his sentence pursuant to 28 U.S.C. § 2255 [Record Nos. 122, 133] is **DENIED**.  All

claims asserted in this action are **DISMISSED**, with prejudice.

2.      Penaloza's request for an evidentiary hearing is **DENIED**.

3.      The Magistrate Judge's Recommended Disposition [Record No. 145] is

**ADOPTED** and **INCORPORATED** by reference.

4.      A Certificate of Appealability shall not issue.

5.        Penaloza's construed motion for order [Record No. 150] is **DENIED**.

Dated: October 12, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky